CHESTER D. AND BEVERLY C. KASS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kass v. Commissioner
Docket No. 14972-87.
United States Tax Court
T.C. Memo 1988-403; 1988 Tax Ct. Memo LEXIS 433; 55 T.C.M. (CCH) 1733; T.C.M. (RIA) 88403; August 30, 1988. Chester D. Kass, pro se. Michael J. Calebrese, for the respondent. POWELL
MEMORANDUN *434 OPINION POWELL, Special Trial Judge:[1] By a notice of deficiency dated February 24, 1987, respondent determined a deficiency in petitioners' 1983 income tax liability in the amount of $ 245. Petitioners filed a timely petition. Petitioners resided in Wauwatosa, Wisconsin, when they filed their petition. The sole issue is whether respondent correctly included a state tax refund of $ 693 in petitioners' 1983 taxable income. The case was submitted pursuant to Rule 122 [2] on a stipulated record. The facts are as follows: On the Federal income tax return for 1982, petitioners filed a Schedule A for itemized deductions that totalled $ 8,512. After reducing their itemized deductions by $ 3,400, the so-called "zero-bracket amount," petitioners *435 deducted $ 5,112 in arriving at their taxable income for 1982. Among the itemized deductions, petitioners deducted $ 2,751 for state income taxes. In 1983, petitioners received a refund of state income taxes for 1982 in the amount of $ 693. Petitioners did not include this amount in their reported 1983 income. Section 111(a) [3] provides that "Gross income does not include income attributable to the recovery during the taxable year of a * * * prior tax * * * to the extent of the amount of the recovery exclusion with respect to such * * * tax * * *." Section 111(b)(4) provides that "The term 'recovery exclusion' * * * means the amount, determined in accordance with regulations * * * of the deductions * * * on account of such * * * prior tax * * * which did not result in a reduction of the taxpayer's tax * * * reduced by the amount excludable in previous taxable years with respect to such * * * tax * * *." In short, if the tax was deducted in prior years and that deduction resulted in a reduction in tax due (i.e. a tax benefit), then the amount recovered must be included in gross income in the year that it is received. Schulz v. United States, an unreported opinion USTC par. 9199 (E.D. Wisc. 1979), *436 affd. per unpublished opinion , cert. denied ; , affd. per unpublished order . There is no question here that the deduction for state taxes taken in 1982 reduced petitioners' 1982 tax liability, and therefore, the refund received in 1983 must be included in petitioners' 1983 gross income. Accordingly, Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. Section 111(a) was amended by section 171(a) of the Deficit Reduction Act of 1984, 98 Stat. 494, 698. The amendment is effective to amounts recovered after December 31, 1983 (sec. 171(c)) and has no application here. ↩